# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY E. GOSNELL,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0614** (BOR Appeal No. 2049204)
                      (Claim No. 2011030510)

**VECELLIO & GROGAN, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary E. Gosnell, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Vecellio & Grogan, Inc., by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 21, 2014, in which the Board affirmed a January 24, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 31, 2013, decision, which denied a request for an anterior lumbar spinal fusion. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gosnell, a mechanic, was injured in the course of his employment on March 14, 2011, while lifting a jack. The claim was held compensable for unilateral inguinal hernia, other specified sprain/strains, and lumbosacral sprain/strain. Mr. Gosnell was treated by Rajesh Patel, M.D., for the compensable injury. Dr. Patel diagnosed lumbar sprain, spinal stenosis, lumbar degenerative disc disease, and spondylosis of the lumbar spine after a March 24, 2011, MRI revealed moderate to high grade narrowing of the neural foramina bilaterally at L3-4 and narrowing of the neural foramina at L4-5 and L5-S1. An L3-4 disc herniation was later

1

diagnosed. Dr. Patel recommended conservative treatment at first so medication, injections, and physical therapy were attempted with no significant reduction of Mr. Gosnell's pain. On May 15, 2013, Dr. Patel recommended surgery to treat the herniated L3-4 disc. He noted that there was some disc degeneration at L4-5 and L5-S1 but recommended those areas be addressed at a later time. He stated that the L3-4 disc area became symptomatic due to the work-related injury.

Mr. Gosnell has a long history of lumbar spine pain, degenerative disc disease, and herniated lumbar discs. On October 30, 2003, a lumbar MRI was performed for low back pain that radiated into both legs. The impression was degenerative disc disease and degenerative joint disease of the lower three lumbar levels. The greatest narrowing of the canal was related to a disc bulge most likely at the L3-4 level. There was also a small L5-S1 disc protrusion. On May 5, 2008, a lumbar MRI revealed multilevel disc degeneration involving each disc and posterior disc straightening of the lower three discs. On December 26, 2008, a lumbar MRI was conducted for lower back pain that radiated into the legs. It revealed a large disc bulge at L3-4, narrowing of the neural foramina bilaterally, and mild canal stenosis. There was also a protrusion and narrowing at L4-5 and a posterior disc protrusion at L5-S1. An MRI taken on September 18, 2010, for lower back and bilateral leg pain revealed disc bulging at L3-4, L4-5, and L5-S1 with central canal stenosis and narrowing. Finally, Dr. Patel treated Mr. Gosnell for lumbar spine pain prior to the compensable injury, and in a March 9, 2009, treatment note, he recommended a lumbar fusion if the pain worsened.

William Hoh, M.D., performed an independent medical evaluation for the compensable injury on September 10, 2011, in which it was noted that Mr. Gosnell had a prior lower back injury. Mr. Gosnell was found to be at maximum medical improvement for the compensable injury in this claim, and his current symptoms were determined to be the result of degenerative changes. Dr. Hoh stated that he had a fairly normal examination, and a 2011 MRI showed no changes from a prior 2008 MRI. Dr. Hoh noted that Mr. Gosnell reported that his symptoms were similar to lower back pain that he had experienced in the past, which suggests a pre-existing cause. Dr. Hoh opined that there was a lack of objective evidence to suggest that the degenerative changes were the result of the compensable injury in this claim and they likely pre-existed the compensable injury.

Mr. Gosnell has requested multiple medical treatments for his lumbar spine condition and several physician reviews were performed in this claim. On July 25, 2012, Michael Condaras, D.C., performed a physician review in which he recommended denying a request for lumbar facet joint injections. He relied on Dr. Hoh's independent medical evaluation and found that there was no evidence to suggest that Mr. Gosnell's compensable injury caused an aggravation of his pre-existing condition. Rebecca Thaxton, M.D., performed three physician reviews in this claim. On November 27, 2012, she recommended denying a request for a repeat lumbar MRI. She found that Mr. Gosnell had pre-existing lower back pain for which he chronically took Lortab prior to the injury. Also, MRI reports have shown a stable lumbar spine condition since 2008 and degenerative changes throughout the lumbar spine. Lastly, she noted that the compensable condition in the claim is a lumbar sprain/strain which was found to have reached maximum medical improvement. Based upon the same reasoning, on November 30, 2012, Dr. Thaxton recommended denying a request for a bone scan with SPECT images. On

June 13, 2013, Dr. Thaxton recommended denying the request for an anterior lumbar spinal fusion. She stated that it was previously determined in two physician reviews, as well as Dr. Hoh's independent medical evaluation, that Mr. Gosnell's lumbar degenerative disc disease was the cause of his symptoms and was unrelated to the compensable injury. She noted that the inclusion of lumbar disc bulge to the claim was denied based on a pre-injury MRI. Finally, on February 7, 2013, Randall Short, M.D., performed a physician review in which he recommended denying the addition of L3-4 disc bulge to the claim. He found that an MRI taken prior to the compensable injury showed moderate to high grade narrowing of the neural foramina bilaterally from L3-S1. He also found that a March 24, 2011, MRI showed a large concentric disc bulge at L3-4 that was unchanged as compared to a September 18, 2010, MRI. Dr. Short concluded that the disc bulge was not the result of the compensable injury and stated that Mr. Gosnell had multiple degenerative changes that pre-existed the compensable injury.

The claims administrator previously denied a request to add displacement of lumbar intervertebral disc to the claim. That decision was affirmed by the Office of Judges, was not appealed, and became final. In its Order, the Office of Judges found that the L3-4 disc bulge was not the result of the compensable injury because an MRI taken approximately six months before the compensable injury occurred showed the disc bulge. The Office of Judges found that other evidence showed the disc bulge was the result of pre-existing degenerative disc disease, which occurred at multiple levels. Specifically, MRIs taken in 2003, 2008, and 2010 showed the disc bulge as well as progressive degenerative disc disease. The finding was determined to be supported by the reports of Drs. Hoh and Short.

In the instant claim, the claims administrator denied Dr. Patel's request for an anterior lumbar spinal fusion on July 31, 2013. The Office of Judges affirmed the decision in its January 24, 2014, Order. It found that the only compensable lumbar condition in the claim was a lumbosacral strain. Pursuant to West Virginia Code of State Rules § 85-20-37.5 (2006), the duration of care for a lumbar sprain/strain should last no longer than eight weeks. Treatment in excess of that time frame will only be authorized when an extraordinary case is shown. West Virginia Code of State Rules § 85-20-4.1 (2006). The Office of Judges determined that Mr. Gosnell has not presented evidence sufficient to show extraordinary circumstances. It was found that the requested treatment was for a non-compensable condition. In his May 15, 2013, treatment note, Dr. Patel stated that lumbar spine surgery was an option and that Mr. Gosnell had multiple levels that could be causing his pain. Dr. Patel recommended addressing only the L3-4 disc bulge because it became symptomatic due to the work-related injury. He stated that there was disc degeneration at L4-5 and L5-S1 that may need to be addressed at a later time. His diagnosis was displacement of lumbar intervertebral disc without myelopathy, which is not a compensable condition in the claim.

The Office of Judges stated that its determination was supported by the reports of Drs. Hoh and Thaxton. Dr. Hoh found no objective evidence to support that Mr. Gosnell sustained an injury to his lumbosacral spine that was more severe than a sprain/strain and opined that no maintenance care was required. Likewise, Dr. Thaxton found that authorization for the surgical treatment should be denied because it is not directly and causally related to the compensable injury. The Office of Judges also took judicial notice of its September 19, 2013, Order which

3

affirmed the claims administrator's denial of a request to add displacement of lumbar intervertebral disc to the claim.

The Office of Judges concluded that the evidence of record establishes that Mr. Gosnell had a pre-existing disc bulge at L3-4, multiple level lumbar degenerative disc disease, and pre-existing lower back pain. Multiple diagnostic tests of record show the presence of both the L3-4 disc bulge and lumbar degenerative disc disease. MRIs taken in 2003, 2008, and 2010, prior to the compensable injury, showed disc bulges at L3-4, L4-5, and L5-S1 along with multilevel degenerative disc disease involving each lumbar disc. Further, the Office of Judges found that a treatment note by Dr. Patel dated March 9, 2009, revealed that Mr. Gosnell was treated for very severe lower back pain. At that time, Dr. Patel noted that a lumbar fusion was a possibility if the pain worsened. Based upon the evidence, the Office of Judges concluded that Dr. Patel's opinion that Mr. Gosnell's L3-4 disc bulge was the result of the compensable injury was not credible. The requested surgery was therefore denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2014.

On appeal, Mr. Gosnell argues that his compensable injury may have been aggravated by his prior or pre-existing condition, and the aggravation should be treated. He asserts that the medical evidence supports the authorization of the requested surgery, and the fact that he was found to be at maximum medical improvement does not preclude further treatment. Vecellio & Grogan, Inc., argues that four MRIs taken before the compensable injury document that Mr. Gosnell had extensive pre-existing degenerative changes in his lumbar spine and his current need for a lumbar fusion is the result of the pre-existing degenerative changes, not the compensable injury.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The requested surgery is for the treatment of a non-compensable, pre-existing condition. The evidence, especially the MRIs taken prior to the compensable injury, shows that Mr. Gosnell's herniated L3-4 disc and degenerative disc disease pre-existed the compensable injury. Further, the Office of Judges determined in a prior Order that the claim was not compensable for displacement of lumbar intervertebral disc, the condition for which the surgery was requested. That Order was not protested and became final. Also, this Court, in *Gosnell v. Vecellio & Grogan, Inc.*, No. 13-1226 (Dec. 3, 2014) (memorandum decision), affirmed a Board of Review decision denying a request for a nuclear bone scan with lumbar SPECTs and a repeat lumbar MRI. We determined that the requested diagnostic tests were for the treatment of an L3-4 lumbar disc herniation and that the herniation was not a compensable component of the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum